CAMPEAU GOODSELL SMITH, A LAW CORPORATION
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
38 West Santa Clara Street
San Jose, California 95113
Telephone: (408) 295-9555

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

PORTOFINO DEVELOPMENT CORP,

Debtor.

Bkr. Case No. 93-57024-RLE

CHAPTER 7

The Honorable Roger L. Efremsky

**MOTION FOR RELEASE OF UNCLAIMED DIVIDEND TO CAMPEAU GOODSELL SMITH IN PAYMENT OF APPROVED ADMINISTRATIVE CLAIM**

CAMPEAU GOODSELL SMITH, L.C. ("CGS") hereby moves the Court for an order authorizing release of an unclaimed dividend in the amount of $ 10,111.50 for creditor Home Fed. Insurance ("Claim No. 9") to CGS for payment of its court approved administrative claim as special counsel to Trustee on the grounds the claim is without merit, the creditor has not responded to a prior objection to claim, practically does not exist, and its former owner has affirmatively indicated no interest in the dividend, and CGS, as holder of an unsatisfied administrative claim, is the only rightful party expressing a right and interest in said funds.

**I.  GENERAL STATEMENT OF FACTS**

1.  On November 1, 1993 Portofino Development Corp, a California corporation doing business as Portofino Development Corp and/or D.W. Mariani Development Corp., ("Portofino" or "Debtor") filed a petition for bankruptcy entitled In re Portofino Develpoment Corp, United States Bankruptcy Court (Northern District of California (San Jose)) Case No.: 93-57024-JRG.

2.  On or about November 1, 1993 SUZANNE DECKER was appointed as the Trustee

of the Estate of In Re Portofino Development Corp.

3. In August 1995, Portofino's Chapter 11 case was converted to a proceeding under Chapter 7 (in lieu of dismissal of the case) – based primarily on CGS's assertion that Portofino still had undisclosed assets which should be administered for its creditors. Several months after Trustee Decker's appointment, CGS and co-counsel were engaged directly as her special counsel to continue prosecution of the litigation regarding undisclosed assets.

4. On or about August 9, 1995 Trustee Decker filed a Complaint against David W. Mariani, Mariani Group of Companies, and various others in <u>Suzanne L. Decker v. David W. Mariani, Mariani Group of Companies, et al</u>, United States Bankruptcy Court (Northern District of California (San Jose)) Adversary Case No. 95-5397-JRG. On or about July 21, 1997 Trustee Decker filed a First Amended Complaint in <u>Suzanne L. Decker v. David W. Mariani, Mariani Group of Companies, et al</u>, United States Bankruptcy Court (Northern District of California (San Jose)) Adversary Case No. 95-5397-JRG.

5. On March 31, 2000, James R. Grube, in and for the matter of <u>Suzanne L. Decker v. David W. Mariani, Mariani Group of Companies, et al</u>, United States Bankruptcy Court (Northern District of California (San Jose)) Adversary Case No. 95-5397-JRG, after motions, hearings, appeals, evidence, argument, and trial, issued a Memorandum Decision pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure finding, inter alia, that Mariani Group of Companies owes Portofino Development Corp. $2,4049,059.73 plus interest.

6. On May 2, 2002 Jeremy Fogel, United States District Court Judge in and for the matter of <u>Suzanne L. Decker v. David W. Mariani, Mariani Group of Companies, et al</u>, United States District Court for the Northern District of California (San Jose), Case No.: 00-CV-20462, after a de novo review of Judge James R. Grube's March 31, 2000 Memorandum Decision and issuance of its own Order for Entry of Judgment in Non-Core Bankruptcy Proceedings, issued a Judgment, incorporated herein by this reference as though fully stated herein, which ordered, adjudged, and decreed that Suzanne L. Decker, Trustee, as plaintiff, shall recover from Defendants Mariani Group of Companies, a limited partnership, and from its general partners Mary Francis Mariani, Linda

Mariani Duhamel, Paul Mariani III, Paul A. Mariani Jr. Trust, John Mariani, Marialisa Delmare, Mariani Financial, and its general Partner David W. Mariani (hereinafter "Judgment Debtors") the sum of $4,453,475.37 plus interest at 7% from April 20, 2002 and costs and attorneys fees (hereinafter "Judgment").

7. The Judgment, was appealed by the Defendants and Judgment Debtors, and each of them, and all appeals having upheld the Judgment, was rendered final, not subject to any stay, and enforceable.

8. In late 2005/early 2006 the litigation and the resulting Judgment were settled with such settlements approved by the Court.

9. After nearly 12 years, Portofino's creditors were paid – in full.

10. On March 7, 2006, the Court approved payment to various professionals, including but not limited to, the Trustee, Trustee's counsel, and CGS, as special counsel to the Trustee. (Exhibit E) CGS understands payments have been made in accordance with the March 7, 2006 order to the Trustee, Trustee's counsel, other professionals, and partially to CGS. As of today, CGS has not been paid in full pursuant to the March 7, 2006 order. ($1,175,000.00 Approved by the Court minus $1,138,043.65 paid by the Trustee, equals $36,956.35 owed to CGS)

## II. STATEMENT OF FACTS REGARDING CLAIM NO. 9

11. The Court established the last day to file claims as January 3, 1996.

12. On November 9, 1993, HomeFed Insurance filed an unsecured nonpriority claim in the amount of $10,111.50 and such claim was identified as Claim No. 9. (Exhibit A to the Declaration of William J. Healy[1])

13. On November 18, 2004, Creditors DWM Enterprises, Griffin Investment, David W. Mariani, Mariani Financial Co., Mariani Group of Companies, and Warren Dried Fruit ("Mariani Creditors") filed a Notice and Opportunity for Hearing and Objection to Claim of Home Fed Insurance (Claim No. 9) (Exhibit B) CGS incorporates the Objection To Claim by Mariani Creditors as though fully stated herein.

---

[1] All exhibits are attached to the Declaration of William J. Healy.

**MOTION FOR RELEASE OF UNCLAIMED DIVIDEND TO CAMPEAU GOODSELL SMITH IN PAYMENT OF APPROVED ADMINISTRATIVE CLAIM**

3

Case: 93-57024    Doc# 404    Filed: 08/18/06    Entered: 08/18/06 15:48:09    Page 3 of 6

14. On January 18, 2005, Mariani Creditors filed a Request for Entry of Default Re: HomeFed Insurance (Claim No. 9) (Exhibit C) CGS incorporates the Request for Entry of Default by Mariani Creditors as though fully stated herein.

15. On January 25, 2006, the Court overruled, without prejudice, Mariani Creditors' objection. (Exhibit D)

16. On June 8, 2006, an unclaimed dividend in the amount of $ 10,111.50 payable to Home Fed. Insurance was turned over to the clerk. (Exhibit E)

17. Between mid-June 2006 and present, CGS has endeavored to follow up on the Mariani Creditors' objection to Claim No. 9 and the owner of Claim No. 9.

18. On June 14, 2006, CGS wrote to Paul J. Borden, President and CEO of Home Fed Corporation regarding HomeFed Insurance's claim and Claim No. 9. In response, Mr. Borden advised CGS, in pertinent part:

> "We are the bank holding company that ownen the bank and its subsidiaries prior to the HomeFed bankruptcy. To the extent you hold a non priority claim (Claim No. 9 for not mor than $10,111.50) for HomeFed Insurance a subsidiary of HomeFed Bank, Home Fed Corporation will not pursue an interest in the claim."

(Exhibit F)

19. As result of CGS's investigation, CGS believes the claim is without merit, the creditor has not responded to a prior objection to claim, practically does not exist, and its former owner has affirmatively indicated no interest in the dividend, and CGS, as holder of an unsatisfied administrative claim, is the only rightful party expressing a right and interest in said funds.

**III. THE UNCLAIMED DIVIDEND PAYABLE TO HOMEFED INSURANCE SHOULD BE RELEASED TO CGS IN PAYMENT OF UNPAID ADMINISTRATIVE EXPENSES.**

**A. HomeFed Insurance Has Defaulted, Practically Does Not Exist, and Its Former Owner Has Affirmatively Indicated No Interest In The Dividend.**

HomeFed Insurance was served with the claim objection by the Mariani Creditor's and did not respond. The Court overruled the objection, without prejudice. CGS understands the objection

was overruled without prejudice due to the Court's concerns regarding notice to the creditor after many years.

### B. HomeFed No Longer Exists And Its Former Owner Affirmatively Indicated No Interest In The Dividend.

CGS, like counsel for the Mariani Creditors', conducted various public record searches through Lexis, California Secretary of State, Pacer, and various Internet search engines and communicated with HomeFed Corporation and the Federal Deposit Insurance Company regarding Claim No. 9.

In summary, CGS was able to determine that HomeFed Insurance was a fictitious business entity operated by HomeFed Bank which was a subsidiary of HomeFed Corporation. HomeFed Bank was placed in receivership on July 6, 1992, the Resolution Trust Corporation ("RTC") was appointed its receiver, HomeFed Insurance was dissolved, and RTC's receivership terminated in September 1999. Further, HomeFed Corporation was placed into involuntary bankruptcy on June 25, 1992 and the estate closed March 23, 2000, In re HomeFed Corporation, United States Bankruptcy Court Souther District of California (San Diego) Case No.: 92-07591-LA and as a matter of law its assets abandoned to the debtor.

On June 14, 2006, CGS wrote to Paul J. Borden, President and CEO of Home Fed Corporation regarding HomeFed Insurance's claim and Claim No. 9. In response, Mr. Borden advised CGS, in pertinent part:

"We are the bank holding company that owner the bank and its subsidiaries prior to the HomeFed bankruptcy. To the extent you hold a non priority claim (Claim No. 9 for not mor than $10,111.50) for HomeFed Insurance a subsidiary of HomeFed Bank, Home Fed Corporation will not pursue an interest in the claim."

### C. Claim No. 9 is without merit.

As indicated in the objection to claim and the supporting declaration of Robert Serventi, former financial officer of Portofino, HomeFed provided subdivision Improvement Bonds for Portofino, the bonds were released, and no liability exists for the Debtor.

### D. CGS Is the Only Rightful Party Expressing a Right and Interest in Said Funds.

CGS has a right to said funds in partial satisfaction of the unsatisfied March 7, 2006 order approving payment of administrative expenses. Practically, the Trustee, Trustee's counsel, and the unsecured creditors have no right or interest in these unclaimed funds as all were paid in full and have no interest in pursuing the objection or right to said funds.

## IV. CONCLUSION

WHEREFORE, CGS prays that the Court grants its motion for release of unclaimed dividend to CGS in payment of its administrative claim and the Court's March 7, 2006 order approving payment of such administrative expenses.

Dated: August 18, 2006          CAMPEAU GOODSELL SMITH, L.C.


By: /s/ William J. Healy
    William J. Healy
    Campeau Goodsell Smith, L.C.

**MOTION FOR RELEASE OF UNCLAIMED DIVIDEND TO CAMPEAU GOODSELL SMITH IN PAYMENT OF APPROVED ADMINISTRATIVE CLAIM**

6

Case: 93-57024    Doc# 404    Filed: 08/18/06    Entered: 08/18/06 15:48:09    Page 6 of 6